■ CITIBANK, N. A., Respondent, v TERM PEARL STREET GARAGE CORP., Appellant, and RRP MANAGEMENT CORP., Respondent, et al., Defendants. [612 NYS2d 837] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered February 23, 1993, granting plaintiff Citibank's motion for summary judgment, dismissing defendant's affirmative defenses and counterclaims, and appointing a Referee to compute the amount due to plaintiff, unanimously modified, on the law, and on the facts, to the extent of denying the motion for summary judgment, reinstating defendant Pearl's affirmative defenses and first counterclaim, and vacating the appointment of the Referee to compute amounts owed to Citibank as premature, and otherwise affirmed, without costs.

The granting of summary judgment was inappropriate because Citibank failed to establish a prima facie case that A-Leet Leasing Corp. had materially breached their loan restruc-

turing agreement. Citibank alleges several breaches of the agreement, but the allegations lack specificity and are not substantiated with any documentary evidence *(Zuckerman v City of New York,* 49 NY2d 557, 562).

As a result, Pearl's six affirmative defenses and first counterclaim, which involve Citibank's obligations under the restructuring agreement and the alleged breach of its obligation to release Pearl from the mortgage, should be reinstated. The IAS Court properly found that Pearl's second counterclaim alleging fraudulent behavior was insufficient on its face for failure "to allege that Citibank knowingly made a false representation and that [Pearl] relied on that statement to its detriment". Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.